Slip Op. 07-155

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HOME PRODUCTS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Leo M. Gordon, Judge <br><br> Consol. Court No.: 07-00123 |

**MEMORANDUM and ORDER**

[Motion for leave to file out of time a motion to intervene as a matter of right denied.]

Dated:  October 26, 2007

Blank Rome LLP (Frederick L. Ikenson, Larry Hampel, Roberta Kienast Daghir), for Plaintiff Home Products International, Inc.

Peter D. Keisler, Assistant Attorney General; Jeanne E. Davidson, Director; Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Sean M. Dunn), for Defendant.

Trade Pacific, PLLC (Robert G. Gosselink), for Defendant-Intervenor Since Hardware (Guangzhou) Co., Ltd.

Bryan Cave (Kelly A. Slater), for Proposed Defendant-Intervenor Foshan Shunde Yongjian Houseware and Hardware Co., Ltd.

Gordon, Judge:  Foshan Shunde Yongjian Houseware and Hardware Co., Ltd. ("Shunde") moves, under USCIT R. 24(a), for leave to file out of time a motion to intervene as a matter of right as a defendant-intervenor in this consolidated action, where Plaintiff, Home Products International, Inc., is challenging the U.S. Department of Commerce's final results of the first administrative review of an antidumping duty order on ironing tables from China.  See Floor-Standing, Metal-Top Ironing

<u>Tables and Certain Parts Thereof from the People's Republic of China</u>, 72 Fed. Reg. 13,239 (Dep't Commerce Mar. 21, 2007) (final results).

Plaintiff's complaint was served on April 13, 2007, and Shunde's motion for intervention was due on or before May 18, 2007 (30 days after service of the complaint plus five days for mailing pursuant to USCIT R. 6(c)). Shunde missed the filing deadline, and approximately four months later, on September 11, 2007, filed its motion for leave to file out of time. This motion presents the issue of whether good cause has been shown for the untimely filing. As discussed below, the court does not believe it has, and the motion is therefore denied.

## Background

Bryan Cave LLP, counsel for Shunde, filed a declaration in support of the motion for leave to file out of time, setting forth facts that describe the basis for the motion. The essential facts of that declaration are:

1. Between August 2006 and April 2007, Bryan Cave represented Shunde in the underlying antidumping administrative review.

2. Pursuant to Bryan Cave's engagement in this matter, it was to maintain communications with its co-counsel Chinese law firm ("Co-counsel") that consisted of a sole practitioner and several accountants who served as the main points of contact with Shunde during the course of the representation.

3. On approximately April 1, 2007, lead counsel for Shunde left his employment at Bryan Cave without notice in the period just prior to the filing and service of Plaintiff's summons and complaint.

4. In late May or early June 2007, the associate on this matter, who remained at Bryan Cave, discovered copies of the summons and complaint in the inbox of the former lead attorney.

5. During the ensuing months, numerous attempts, via e-mail and telephone, were made to contact Co-counsel to notify Shunde of the

Consol. Court No. 07-00123                                                                 Page 3

      commencement of this action and obtain instructions regarding the status of Bryan Cave's continued representation of Shunde.

6. Attempts to contact Co-counsel, and in turn Shunde, were unsuccessful.

7. The associate undertook substantial travel on firm business during April, May, and June 2007, and relocated to the firm's Shanghai office in July.

8. In mid-August, the associate learned from an unrelated third party that Co-counsel had disbanded in the first half of 2007.

9. Thereafter, the associate was able to obtain Shunde's contact information.

10. The associate promptly contacted Shunde and, with the assistance of a translator, informed Shunde of this action and obtained authorization, in late August, for Bryan Cave to enter an appearance on Shunde's behalf.

Decl. in Supp. of Mot. for Leave, Home Products Int'l, Inc. v. United States, Consol. Court No. 07-00123 (Sept. 11, 2007).

**Discussion**

As an interested party to the underlying administrative review, Shunde may move to intervene as a matter of right within 30 days of the date of service of the complaint or at such later date for good cause shown. USCIT R. 24(a). Good cause is defined as either (1) "mistake, inadvertence, surprise or excusable neglect," or (2) "circumstances in which by due diligence a motion to intervene under this subsection could not have been made within the 30-day period." Id. The intent of the 30-day period in USCIT R. 24(a) is to avoid a scenario in which "existing parties and the court might not know when to expect intervention, the proceedings on the merits could be interrupted and/or delayed by motions to intervene, and extra adjudication could be routinely required for parties who choose to file late." Siam Foods Prods. Public Co. v. United States,

Consol. Court No. 07-00123 Page 4

22 CIT 826, 830, 24 F. Supp. 2d 276, 281 (1998). The court has previously held that a delay of as little as 30 days past the filing deadline warranted denial of an untimely motion to intervene as of right. See, e.g., Id.

Bryan Cave, on behalf of Shunde, contends that the failure to timely file a motion to intervene "was caused by a number of circumstances which by due diligence prevented a motion to intervene from being filed within the required 30-day time period, and which may also be characterized as excusable neglect on the part of [movant's] counsel." Mot. for Leave at 2. It does not claim that the untimeliness is due to mistake, inadvertence, or surprise.

**Due Diligence**

In the court's view, Shunde's explanation of the delay indicates that due diligence was not exercised. The explanation reads instead like a series of problems that were both avoidable and manageable if due diligence had been exercised. A telling fact that the appropriate level of diligence was not exercised is that Plaintiff's summons and complaint sat unattended for several weeks at Bryan Cave's offices. Also, by its own admission Bryan Cave apparently did not maintain an efficient means of communication with its Co-counsel or client.

**Excusable Neglect**

The court analyzes excusable neglect by "taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993). "Common sense indicates that the most important factors are: the possibility of prejudice to the other parties, the length of the [movant's] delay and its impact on the proceeding, the reason for the delay and whether it was within the control of the movant, and whether the

Consol. Court No. 07-00123 Page 5

movant has acted in good faith." 4B Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2002); see also Siam Foods, 22 CIT at 828, 24 F. Supp. 2d at 279.

In terms of prejudice to the other parties, Shunde's participation will not likely cause much prejudice given Shunde's purely supporting role as an intervenor. If Shunde's motion to intervene is granted, Shunde may only oppose issues raised by Plaintiff that affect Shunde's interests. See Siam Foods, 22 CIT at 830, 24 F. Supp. 2d at 280. Shunde is time barred from bringing its own case, and may not challenge the final results of the administrative review.

As far as the length of delay and impact on the proceedings, the four month delay is sizable and by not joining the litigation within the 30-day period, Shunde's counsel did not participate in the multiple conferences the court held framing issues and defining expectations for briefing. As such, intervention at this point in the litigation will disrupt the framework and schedule that the court established for the disposition of this action.

Turning to the conduct of the movant and whether the delay was within its control, the events of the four-month period detailed by Bryan Cave makes this the cental factor in the disposition of the motion. The court is not convinced that the circumstances that gave rise to this motion were genuinely outside the reasonable control of Bryan Cave. Rather, it seems that Bryan Cave's apparent inability to manage the situation effectively, from leaving a summons and complaint unattended for several weeks to failing to maintain an efficient means of communication with its Co-counsel or client, directly caused the delay. The court does not share the notion that the neglect here is excusable. As in Siam Foods, the court believes that granting the motion for leave to intervene on the facts and circumstances presented will render the time limit of Rule 24(a), and the Rule itself, a nullity.

Consol. Court No. 07-00123                                                                    Page 6

## Conclusion

The court finds that movant has not demonstrated good cause for the failure to file its motion to intervene as of right within the 30–day period set forth in USCIT R. 24(a). Accordingly, the motion is denied.

                                                                   /s/ Leo M. Gordon  
                                                                 Judge Leo M. Gordon

Dated:    October 26, 2007  
              New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble<br>
Clerk of the Court

Date: _____    By: _____
                                              Deputy Clerk