Slip Op. 08-39
UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HOME PRODUCTS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Leo M. Gordon, Judge <br><br> Consol. Court No. 07-00123 |

**OPINION AND ORDER**

[Defendant's request for a voluntary remand granted; Home Products' motion for judgment on the agency record denied in part.]

Dated: April 7, 2008

Blank Rome LLP (Frederick L. Ikenson, Larry Hampel, Roberta Kienast Daghir), for Plaintiff Home Products International, Inc.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Sean M. Dunn); and Office of Chief Counsel for Import Administration, U.S. Department of Commerce (William G. Isasi), of counsel, for Defendant.

Trade Pacific, PLLC (Robert G. Gosselink), for Defendant-Intervenor Since Hardware (Guangzhou) Co., Ltd.

Gordon, Judge: This consolidated action arises from the first administrative review of the antidumping duty order covering floor-standing, metal-top ironing tables from the People's Republic of China. See Floor-Standing, Metal-Top Ironing Tables and Certain Parts Thereof from the People's Republic of China, 72 Fed. Reg. 13,239 (Dep't Commerce Mar. 21, 2007) (final results and partial rescission) ("Final Results"), 72 Fed. Reg. 19,689 (Dep't Commerce Apr. 19, 2007) (amended final results)

("Amended Final Results"). Home Products International, Inc. ("Home Products") and Since Hardware (Guangzhou) Co., Ltd. ("Respondent") each move for judgment on the agency record pursuant to USCIT R. 56.2, challenging the Final Results and Amended Final Results. The court has jurisdiction pursuant to Section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2000),[1] and 28 U.S.C. § 1581(c) (2000).

## I. Standard of Review

For administrative reviews of antidumping duty orders, the court sustains determinations, findings, or conclusions of the U.S. Department of Commerce ("Commerce") unless they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). More specifically, when reviewing whether Commerce's actions are unsupported by substantial evidence, the court assesses whether the agency action is "unreasonable" given the record as a whole. Nippon Steel Corp. v. United States, 458 F.3d 1345, 1350-51 (Fed. Cir. 2006); see also Dorbest Ltd. v. United States, 30 CIT __, __, 462 F. Supp. 2d 1262, 1269 (2006) (explaining the standard of review in the nonmarket economy context).

## II. Discussion

### 1. Respondent's Carriage Inward Expenses

In the Final Results Commerce excluded Respondent's carriage inward expenses from its general expenses in the surrogate financial ratio component of normal value. Respondent explains that Commerce's practice is to treat transportation

---

[1] Further citations to the Tariff Act of 1930 are to the relevant provisions of Title 19 of the U.S. Code, 2000 edition.

expenses related to raw materials as a general expense, and that the administrative record makes clear that its carriage inward expenses are, in fact, related to raw materials and not finished goods. Commerce agrees and requests a voluntary remand to reconsider its treatment of Respondent's carriage inward expenses, which the court will grant.

### 2. Respondent's Input Purchases from Market Economy Supplier Owned by Nonmarket Economy Entities

During the administrative review Commerce developed a new methodology to evaluate the reliability of Respondent's input purchases paid to a supplier located in a market economy but substantially owned by nonmarket economy entities. Commerce established a benchmark of international market prices derived from annualized export statistics and then compared Respondent's input purchases against the benchmark. The average price of Respondent's hot-rolled steel inputs was above the benchmark, and Commerce concluded that the prices paid for these inputs reflected market economy principles and were therefore reliable. The average purchase price of Respondent's cold-rolled steel inputs was below the benchmark, leading Commerce to conclude that the prices paid for these inputs did not reflect market economy principles. As a result, Commerce derived a surrogate value for the cold-rolled steel inputs rather than use Respondent's actual purchase price.

Respondent and Home Products challenge Commerce's methodology. Since Hardware's Mem. of P. & A. in Supp. of Mot. for J. on Agency R. at 10-21; Home Products' Br. in Supp. of Mot. for J. on Agency R. at 31-36. Commerce acknowledges that interested parties did not have an opportunity to comment upon the benchmark

Consol. Court No. 07-00123                                                                                        Page 4

information prior to the Final Results as required by 19 U.S.C. § 1677m(g). Commerce also notes that it would like to consider interested parties' comments on the new methodology. Commerce therefore requests a voluntary remand, which the court will grant.

### 3. Inclusion of Foshan Shunde Yongjian in the Administrative Review

During the administrative proceeding Commerce reviewed Foshan Shunde Yongjian Housewares & Hardware Co., Ltd. ("Foshan Shunde Yongjian"). Home Products argues that Commerce's review of Foshan Shunde Yongjian violated the plain text of 19 U.S.C. § 1675(a), which according to Home Products prohibits Commerce from reviewing a company for which no review is requested. Home Products' Br. in Supp. of Mot. for J. on Agency R. at 18. This argument assumes a factual predicate that Foshan Shunde Yongjian never requested a review, an assumption that is not supported by the administrative record.

The record reveals that counsel for Shunde Yongjian Housewares Co., Ltd. ("Shunde Yongjian") requested an administrative review of Shunde Yongjian. See Letter dated Aug. 26, 2005 from counsel for Shunde Yongjian to Secretary of Commerce Carlos M. Gutierrez (Pub. R. at 4.)[2]  A few days later the same counsel clarified that it was also requesting an administrative review for Foshan Shunde Yongjian. Counsel stated:

> We clarify that our review request for Shunde Yongjian Housewares Co. Ltd. ("Yongjian") should also include a variation of the company name that may have been used to export subject merchandise during the [period of

---

[2] The public version of the administrative record is cited as "Pub. R."

Consol. Court No. 07-00123                                                                            Page 5

      review]. The variation is as follows: Foshan Shunde Yongjian Houseware & Hardware Co., Ltd.

Letter dated Aug. 31, 2005 from counsel for Foshan Shunde Yongjian to the Secretary of Commerce Carlos M. Gutierrez (Pub. R. at 6). In response to these requests, Commerce initiated an administrative review for, among others, "Shunde Yongjian Housewares Co., Ltd. (aka Foshan Shunde Yongjian Houseware & Hardware Co., Ltd.)." Initiation of Antidumping and Countervailing Duty Administrative Reviews and Request for Revocation in Part, 70 Fed. Reg. 56,631, 56,633 (Dep't Commerce Sept. 28, 2005). Counsel's review request may have been somewhat imprecise, but thereafter, and at Home Products' insistence, Commerce resolved whatever confusion surrounded the request. Commerce asked counsel to confirm that it intended Foshan Shunde Yongian to be reviewed. Supplemental Questionnaire for Shunde Yongjian Housewares Co., Ltd. (aka Foshan Shunde Yongjian Houseware & Hardware Co., Ltd.) at 1 (Feb. 14, 2006) (Pub. R. at 66). Counsel responded that it did. Supplemental Questionnaire Resp. at 2-4 (Feb. 28, 2006) (Pub. R. at 70). Commerce credited this response by reviewing Foshan Shunde Yongjian, and calculating a company-specific dumping margin. Final Results, 72 Fed. Reg. at 13,241; Issues and Decision Memorandum for the Final Results in the First Administrative Review of Floor-Standing, Metal-Top Ironing Tables and Certain Parts Thereof from the People's Republic of China, at Comment 8, A-570-888 (Mar. 12, 2007), available at http://ia.ita.doc.gov/frn/summary/prc/E7-5170-1.pdf ("Issues & Decision Memo").

      Home Products contends that Commerce never explained its reasons for reviewing Foshan Shunde Yongjian and that a remand is therefore necessary. Home

Consol. Court No. 07-00123                                                                                       Page 6

Products' Br. in Supp. of Mot. for J. on Agency R. at 18.  The court does not agree that a remand is necessary or appropriate because the agency's decisional path is reasonably discernable from the administrative record.  See <u>Bowman Transp., Inc. v. Arkansas-Best Freight Sys. Inc.</u>, 419 U.S. 281, 285-86 (1974) (a court may "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned."); <u>Wheatland Tube Co. v. United States</u>, 161 F.3d 1365, 1369-70 (Fed. Cir. 1998).  As explained above, Commerce asked counsel for Foshan Shunde Yongjian to clarify whether it intended to request a review for Foshan Shunde Yongjian.  After reviewing counsel's response, Commerce had two choices: (1) rescind the review or (2) continue to review Foshan Shunde Yongjian and calculate a company-specific rate.  Commerce opted for the latter, thereby crediting counsel's explanation.  No further rationale or explanation from Commerce was necessary.

For whatever reason, Home Products has not challenged the reasonableness (whether it was unsupported by substantial evidence) of Commerce's acceptance of Foshan Shunde Yongjian's review request.  Instead, Home Products assumes, albeit incorrectly, that there was no administrative review request.  Relying on the incorrect factual predicate, Home Products then makes a straight legal argument that the plain text of 19 U.S.C. § 1675(a) mandates only one result: rescission of Foshan Shunde Yongjian's review.  Home Products' argument fails because Foshan Shunde Yongjian did in fact request a review.

As for Home Products' interpretation of section 1675(a), the court simply notes that the statute does not prescribe any particular method for requesting an

Consol. Court No. 07-00123                                                                                Page 7

administrative review. Congress left such procedural matters to be defined by Commerce. By regulation Commerce has defined time limits for administrative review requests by exporters or producers (which must be within the anniversary month of the order), but has not defined any particular form of request other that it be in writing from the particular exporter or producer making the request. See 19 C.F.R. § 351.213(b)(2) (2005). Therefore, the question of what constitutes a sufficient administrative review request remains within Commerce's discretion to be sorted out on a case by case basis. It suffices to say that in this case Commerce did not abuse its discretion in accepting Foshan Shunde Yongjian's administrative review request.

### 4. Commerce's Selection of Financial Statements

During the administrative review Commerce had a choice among several Indian financial statements to calculate surrogate financial ratios. Commerce's choice is guided by a general regulatory preference for publicly available information. 19 C.F.R. § 351.408(c)(4) (2005). Beyond that, "Commerce generally considers the quality, specificity, and contemporaneity of the available financial statements." Dorbest Ltd., 30 CIT at __, 462 F. Supp. 2d at 1301 (citing Fresh Garlic from the People's Republic of China, 67 Fed. Reg. 72,139 (Dep't Commerce Dec. 4, 2002) (final results new shipper review)); see also Issues & Decision Memo at 6.

Commerce ultimately settled on the financial statement of Infiniti Modules Pvt. Ltd. ("Infiniti Modules") because it was "wholly publicly available" as well as "contemporaneous and complete, and most closely reflect[ed] merchandise comparable to ironing tables." Issues & Decision Memo at 6. Commerce explained that it did not

Consol. Court No. 07-00123                                                                                      Page 8

utilize the financial statement of another company, Agew Steel Manufacturers Private Limited ("Agew Steel"), because a portion of its financial statement—the profit and loss statement—was not publicly available and therefore was not on the record of the review. Id.

Home Products argues that Commerce should have used Agew Steel's financial statement and that Commerce's selection of the Infiniti Modules statement was unreasonable. Properly framed, the question for the court is whether a reasonable mind could conclude that Commerce chose the best available information after conducting a fair comparison of the financial statements by measuring their relative quality, specificity, and contemporaneity against a regulatory preference for publicly available information. See Dorbest Ltd., 30 CIT at __, 462 F. Supp. 2d at 1269 (explaining court evaluation of substantial evidence challenges to Commerce's choice of data sets as best available information).

As noted above, Commerce found that the Infiniti Modules financial statement was "wholly publicly available," whereas the Agew Steel financial statement was not. Issues & Decision Memo at 6. Commerce also found that the Infiniti Modules financial statement was "contemporaneous and complete, and most closely reflect[ed] merchandise comparable to ironing tables." Id. Home Products argues that there is "no substantive quantitative difference" or "qualitative difference" between the Agew Steel and Infiniti Modules financial statements, and that Commerce therefore erred in selecting the Agew Steel Financial Statement. Home Products' Br. in Supp. of Mot. for J. on Agency R. at 27-28 (emphasis removed). If there is no quantitative or qualitative

difference between the two statements, and one is completely publicly available and the other is not (missing a profit and loss statement), then Commerce's choice of a complete, publicly available financial statement consistent with its regulatory preference is, in the court's view, not only reasonable, but correct.

### III. Conclusion

Commerce's request for a voluntary remand regarding the treatment of Respondent's carriage inward expenses is granted. Commerce's request for a voluntary remand to reconsider its methodology for evaluating certain of Respondent's market economy input purchases from a nonmarket economy-owned supplier and to allow parties an opportunity to comment upon information related to this methodology is also granted. Home Products' motion for judgment on the agency record regarding (1) Commerce's inclusion of Foshan Shunde Yongjian in the administrative review; and (2) Commerce's choice of the Infiniti Modules financial statement rather than the Agew Steel financial statement is denied.

Accordingly, it is hereby

**ORDERED** that this action is remanded to the U.S. Department of Commerce to:

- (1) Reconsider its treatment of Respondent's carriage inward expenses; and

- (2) Reconsider its methodology for evaluating certain of Respondent's market economy input purchases from a nonmarket economy-owned supplier and to allow parties an opportunity to comment upon information related to this methodology; and it is further

**ORDERED** that the U.S. Department of Commerce is to file its remand results on or before June 5, 2008; and it is further

Consol. Court No. 07-00123 Page 10

**ORDERED** that the parties are to file a proposed scheduling order on or before June 12, 2008, for the submission of comments with page limits on the remand results.

                                                     /s/ Leo M. Gordon
                                                    Judge Leo M. Gordon

Dated: April 7, 2008
          New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____    By: _____
                                      Deputy Clerk