Slip Op. 09-144

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HOME PRODUCTS INTERNATIONAL, INC., <br><br>   Plaintiff, <br><br>   v. <br><br> UNITED STATES, <br><br>   Defendant. | Before: Leo M. Gordon, Judge <br><br> Consol. Court No. 07-00123 |

**OPINION**

[Final remand results sustained.]

Dated: December 17, 2009

   Blank Rome LLP (Frederick L. Ikenson, Larry Hampel), for Plaintiff Home Products International, Inc.

   Tony West, Assistant Attorney General; Jeanne E. Davidson, Director; Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Carrie Anna Dunsmore); and Office of the Chief Counsel for Import Administration, U.S. Department of Commerce (Thomas M. Beline), of counsel, for Defendant United States.

   Garvey Schubert Barer (Ronald M. Wisla, William E. Perry, Lizbeth R. Levinson), for Defendant-Intervenor Since Hardware (Guangzhou) Co., Ltd.

   Gordon, Judge:  This is a consolidated action arising from the first administrative review of the antidumping duty order covering floor-standing, metal-top ironing tables from the People's Republic of China.  See Floor-Standing, Metal-Top Ironing Tables and Certain Parts Thereof from the People's Republic of China, 72 Fed. Reg. 13,239 (Dep't of Commerce Mar. 21, 2007) (final results and partial rescission), as amended by, 72 Fed. Reg. 19,689 (Dep't of Commerce Apr. 19, 2007) (amended final results) ("Final Results").  Before the court are the Final Remand Results (July 10, 2008)

("Remand Determination") filed by the U.S. Department of Commerce ("Commerce") pursuant to Home Prods. Int'l, Inc. v. United States, 32 CIT __, 556 F. Supp. 2d 1338 (2008) ("Home Products"). Familiarity with the court's decision in Home Products is presumed. The court has jurisdiction pursuant to Section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2006),[1] and 28 U.S.C. § 1581(c) (2006).

## I. Standard of Review

For administrative reviews of antidumping duty orders, the court sustains determinations, findings, or conclusions of the U.S. Department of Commerce unless they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). More specifically, when reviewing agency determinations, findings, or conclusions for substantial evidence, the court assesses whether the agency action is reasonable given the record as a whole. Nippon Steel Corp. v. United States, 458 F.3d 1345, 1350-51 (Fed. Cir. 2006). See also Dorbest Ltd. v. United States, 30 CIT 1671, 1675-76, 462 F. Supp. 2d 1262, 1268 (2006) (providing a comprehensive explanation of the standard of review in the nonmarket economy context). Substantial evidence has been described as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Dupont Teijin Films USA v. United States, 407 F.3d 1211, 1215 (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence has also been described as "something less than the weight of the evidence, and the possibility

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2006 edition.

of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966). Fundamentally, though, "substantial evidence" is best understood as a word formula connoting reasonableness review. 3 Charles H. Koch, Jr., Administrative Law and Practice § 10.3[1] (2d. ed. 2009). Therefore, when addressing a substantial evidence issue raised by a party, the court analyzes whether the challenged agency action "was reasonable given the circumstances presented by the whole record." Edward D. Re, Bernard J. Babb, and Susan M. Koplin, 8 West's Fed. Forms, National Courts § 13342 (2d ed. 2009).

## II.  Discussion

During the administrative review, which was the first for the antidumping duty order, Commerce developed a new methodology to evaluate the reliability of input purchases made by respondent Since Hardware (Guangzhou) Co., Ltd. ("Since Hardware") from a market economy supplier that was substantially owned by nonmarket economy entities. Commerce established a benchmark of international market prices derived from annualized export statistics and then compared Since Hardware's input purchases against the benchmark. The average price of Since Hardware's hot-rolled steel inputs was above the benchmark, and Commerce concluded that the prices paid for these inputs reflected market economy principles and were therefore reliable. The average purchase price of Since Hardware's cold-rolled steel inputs was below the benchmark, leading Commerce to conclude that the prices paid for these inputs did not reflect market economy principles. As a result, Commerce

derived a surrogate value for the cold-rolled steel inputs rather than use Since Hardware's actual purchase price. Since Hardware and petitioner, Home Products International, Inc. ("Home Products"), each challenged Commerce's newly created methodology in this action. Commerce sought a voluntary remand, which the court granted. Home Products, 32 CIT at __, 556 F. Supp. 2d at 1343.

In the Remand Determination Commerce reexamined its benchmarking test. Remand Determination at 6-7. Commerce explained that the benchmark resulted in a substantial number of export sales falling below the average export price. Id. at 6. According to Commerce, the invalidation of so many market economy purchases "defies commercial reality" and is too inconsistent with 19 C.F.R. § 351.408(c)(1) (2005), which provides that normally sales from a market economy are in accordance with market economy principles. Id. Commerce thus concluded that using "average export prices" established "an unduly high" threshold for whether Since Hardware's market economy input purchases were made in accordance with market economy principles. Id.

In place of that test, which was difficult for Commerce (1) to reconcile with an existing regulatory preference for using market economy prices, see 19 C.F.R. § 351.408(c)(1) ("[W]here a factor is purchased from a market economy supplier and paid for in a market economy currency, the Secretary normally will use the price paid to the market economy supplier."); and see also Shakeproof Assembly Components, Div. of Illinois Tool Works, Inc. v. United States, 268 F.3d 1376, 1382-1383 (Fed. Cir. 2001) (reviewing Commerce's use of market prices to value factors of

production), and (2) to defend under subsequent judicial review, see, e.g., (Husteel Co. v. United States, 31 CIT 740, 491 F. Supp. 2d 1283 (2007), opinion after remand, Husteel Co. v. United States, 32 CIT __, 558 F. Supp. 2d 1357 (2008) (reviewing Commerce's application of 19 C.F.R. § 351.408(c)), Commerce reverted to its standard practice for valuation of market economy inputs. Remand Determination at 7-8; see also Antidumping Methodologies: Market Economy Inputs, Expected Market Economy Wages, Duty Drawback; and Request for Comments, 71 Fed. Reg. 61,716, 61,717-19 (Dep't of Commerce Oct. 19, 2006) (notice of change in methodology) ("Market Economy Input Policy") (explaining Commerce's existing practice for valuing factors of production that are procured in whole or in part from market economy suppliers). After analyzing Since Hardware's market economy inputs, Commerce determined that the inputs met the criteria established in both Commerce's valuation of factors of production regulation, 19 C.F.R. § 351.408(c)(1), and Commerce's announced market economy input policy, Market Economy Input Policy, 71 Fed. Reg. at 61,719. Remand Determination at 7-8. Commerce therefore based the factors of production for the inputs on the market economy purchase price of the inputs. Id. This determination was reasonable.

Home Products challenges Commerce's determination to employ its existing, known input methodology for valuing Since Hardware's market economy purchases. Invoking the general principle of administrative law that an agency must explain departures from prior administrative precedent, Home Products contends that Commerce failed to explain or reconcile its application of 19 C.F.R. § 351.408(c)(1) in

the Remand Determination with a different application of the same regulation in the subsequent administrative review of the same antidumping duty order.  Comments of Home Products at 10-13 (citing 2 R.J. Pierce, Administrative Law Treatise § 11.5 (4th ed. 2002)).  Home Products therefore wants Commerce's second administrative review determination (a subsequent proceeding under the antidumping duty order) to apply retroactively to the first administrative review (a prior administrative proceeding under the same antidumping duty order).  Commerce correctly rejected this argument as "without merit."  Remand Determination at 11.

   Due to the vagaries of a judicial review that has taken too long in this case, Commerce did render the final results of the second administrative review before the Remand Determination.  Nevertheless, the second administrative review remains a subsequent, non-precedential administrative decision for purposes of the first administrative review.  The general administrative law principle invoked by Home Products applies to prior administrative precedents, and by definition, the second administrative review determination is not a prior administrative precedent for purposes of the first administrative review.  Commerce is simply not required within a prior administrative review remand proceeding to reconcile or explain a subsequent administrative review proceeding arising under the same antidumping duty order. The time for explaining potentially inconsistent administrative action in successive administrative reviews (if challenged), arises in the latter of the two proceedings, not the former.  Commerce may, if it chooses, attempt to reconcile or true-up a prior decision like the first administrative review with a subsequent decision if the opportunity arises on

Consol. Court No. 07-00123                                                                                    Page 7

remand (subject to, among other things, the constraints of the administrative record and standards of procedural fairness required by the statute, etc.), but it is not obligated to do so. All that is required of Commerce is that its findings, conclusions, and determinations in the prior proceeding be supported by substantial evidence (be reasonable) and otherwise in accordance with law.

By seeking refuge in Commerce's second administrative review results, Home Products evinces the relative weakness of its specific challenges to Commerce's Remand Determination. Home Products contends that evidence on the record demonstrates that Since Hardware's market economy inputs were not sold based on market economy principles and, therefore, Commerce must abandon its market economy input methodology in favor of establishing a benchmarking test. Comments of Home Products at 13-15. Commerce persuasively rejected this contention, explaining that "Home Products' 'additional evidence' amounts to examples where input sales failed the benchmark test [Commerce] has disavowed. . . . [Commerce] does not find that selling at prices below the average export price for the country in which the input was produced constitutes evidence that prices were established inconsistent with [market economy principles]." Remand Determination at 12-13.

Likewise, although Home Products argues that Commerce must abandon its regulation and past practice and establish a test to determine whether market economy purchases were made based on market economy principles, Home Products does not provide any statutory or regulatory discussion or analysis. See Comments of Home Products at 13-15. As Commerce explained in the Remand Determination, the

applicable statutes, "[do] not require [Commerce] to employ a benchmarking methodology in order to test inputs provided by [a nonmarket economy]-owned company located in [a market economy]. . . . [T]he Act does not directly address how to value inputs provided by [market economy] suppliers." Remand Determination at 11. Commerce followed its existing, standard practice and concluded that Since Hardware's market economy purchase prices were the best available information to value those inputs. Remand Determination at 7-8; see also 19 C.F.R. § 351.408(c)(1); Shakeproof, 268 F.3d at 1382-83; and Market Economy Input Policy, 71 Fed. Reg. at 61,717-19. Record evidence supports Commerce's conclusion that Since Hardware's market economy purchases fall within the provisions of Commerce's market economy input regulation and policy (that is, purchased with market economy currency and the total volume of the inputs exceed 33 percent of the total volume from all sources). Remand Determination at 8. Commerce's valuation of Since Hardware's factors of production is therefore reasonable given the administrative record.

### III. Conclusion

For the foregoing reasons, Commerce's Remand Determination is supported by substantial evidence and otherwise in accordance with law. The court will enter judgment in favor of Defendant sustaining the Remand Determination and denying Plaintiff's motion for judgment on the agency record.

                                                /s/ Leo M. Gordon
                                                Judge Leo M. Gordon

Dated: December 17, 2009
       New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HOME PRODUCTS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Leo M. Gordon, Judge <br><br> Consol. Court No. 07-00123 |

**JUDGMENT**

This case has been submitted for decision, and the court, after due deliberation, having rendered opinions; now in conformity with those decisions, it is hereby

**ORDERED** that Plaintiff's motion for judgment on the agency record is denied; and it is further

**ORDERED** that judgment is entered for Defendant.

                                                                /s/ Leo M. Gordon
                                                               Judge Leo M. Gordon

Dated:   December 17, 2009
             New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____   By: _____
                                              Deputy Clerk